UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFERSON KENNER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. DONNELLY, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:14-cv-00463-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

On screening, the court concluded Plaintiff states a colorable claim for violation of his right to due process against defendant Wes Radford[1] in Count II. (Screening Order, ECF No. 6.) Count I, which asserted claims against Donnelley and Patterson, was dismissed with prejudice. (*Id*.) In Count II, Plaintiff alleges that defendant Radford ordered him to solitary confinement in the "psycho ward" for twenty-two days without notice and a hearing, and without his medication for approximately seven days, which caused his rectum to bleed for the entire twenty-two day period. (ECF No. 7.) Defendant Radford filed his answer on July 13, 2015. (ECF No. 15.)

On August 31, 2015, Plaintiff filed a notice of change of address indicating his address had changed as he was out of prison. (ECF No. 18.)

On November 17, 2015, defendant Radford's counsel filed a statement noting death pursuant to Federal Rule of Civil Procedure 25, indicating that Mr. Radford passed away on May 10, 2015. (*Id*.) The notice was served on Plaintiff at the address indicated in the prior notice of change of address. (*See id*. at 3.)

---

[1] Erroneously named by Plaintiff in the Complaint as Rodford.

Even though defendant Radford had passed away, defense counsel filed a motion for summary judgment in compliance with the scheduling order entered in this action. (ECF No. 23.)

Rule 25 of the Federal Rules of Civil Procedure, governing the substitution of parties, provides in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Defense counsel filed the notice of death of Mr. Radford on November 17, 2015. It has been well over ninety days since this filing and Plaintiff has not filed a motion for substitution of Mr. Radford's successor-in-interest or representative. Accordingly, the court recommends that this action be dismissed, and that the pending motion for summary judgment be denied as moot.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action; and **DENYING** the pending motion for summary judgment (ECF No. 23) as moot.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 22, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE